SCOTTSDALE INSURANCE COM-
PANY, Plaintiff-counter-defen-
dant-Appellee,

v.

Henry MORENO; La Mansion
Del Rio, Defendants,

and

Walter Harvey, Defendant-counter-
claimant-Appellant.

No. 03–17061.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2005.

Decided May 27, 2005.

As Amended on Denial of Rehearing
June 23, 2005.

**416**

Nicholas Banko, Esq., Linda W. Hsu, Esq., Selman Breitman LLP, San Francisco, CA, for Plaintiff-counter-defendant—Appellee.

Mark S. Newman, Esq., Borton, Petrini & Conron, LLP, Rancho Cordova, CA, Paul A. Pereira, Esq., Poole & Pereira, Sacramento, CA, for Defendant-counterclaimant—Appellant.

Before: HAWKINS and GRABER, Circuit Judges, and SELNA,* District Judge.

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM **

Walter Harvey appeals the district court's decisions to: (1) grant in part Scottsdale Insurance Company's motion to strike affidavits submitted by Joseph Countryman; (2) grant Scottsdale's motion for summary judgment; and (3) deny Harvey's motion for summary judgment. We reverse the decisions to strike Countryman's affidavits and grant summary judgment on Scottsdale's motion, and remand the remaining issues to the district court.

The district court's decision to strike portions of Countryman's affidavits is an evidentiary decision made in the context of a summary judgment motion, and thus is reviewed for an abuse of discretion. *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097, 1103 (9th Cir.2004). The district court's decisions to grant Scottsdale's motion for summary judgment and deny Harvey's motion for summary judgment, however, are reviewed *de novo*. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

A party cannot create a material issue of fact on a motion for summary judgment by offering an affidavit that "flatly contradicts" the affiant's prior testimony. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266–67 (9th Cir.1991); *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir.1975). We need not consider whether the sham affidavit rule applies to testimony given in separate but related litigation because we find that Countryman's testimony was not inconsistent in any event.

The issue in the prior action was whether Harvey's docking facility sank as the result of Henry Moreno's negligence. It was enough for Countryman simply to link

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the ultimate cause of the loss to logs placed in the river by Moreno. The events that took place prior to October and November 1998 were ancillary to that issue.

In contrast, the focus of the instant action is whether Moreno's logs that were lodged in Harvey's docking facility in July 1998 contributed to the ultimate loss. Countryman's affidavits therefore place more emphasis on the cyclical stress that allegedly was caused during that time. Notwithstanding the fact that Countryman, in his prior trial testimony, failed to link the stress caused in July 1998 to the ultimate cause of Harvey's property damage in November 1998, nothing in his affidavits "flatly contradicts" his prior testimony. Indeed, Countryman's prior testimony and present affidavits are reconcilable when viewed in light of the respective relevant issues. The district court therefore abused its discretion by striking portions of Countryman's affidavits as shams.

With regard to Scottsdale's summary judgment motion, the stricken portions of the Countryman affidavits are sufficient to create a material issue of fact with respect to when damage to the barge commenced. Furthermore, Harvey is not collaterally estopped from advancing a "continuous injury" theory because the issue of when the damage first occurred to Harvey's docking facility was not "necessarily decided" in the prior action. *See Rice v. Crow*, 81 Cal.App.4th 725, 97 Cal.Rptr.2d 110, 116 (Ct.App.2000). The grant of summary judgment therefore must be reversed. FED. R. CIV. P. 56(c).

The orders granting Scottsdale's motion to strike and Scottsdale's motion for summary judgment are REVERSED. The case is REMANDED for further proceed-

* This panel unanimously finds this case suitable for decision without oral argument. *See*

ings consistent with this Memorandum, including consideration of the remaining issues raised by Scottsdale's motion for summary judgment.